# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 22, 2007

126509

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

RICKY ALLEN PARKS,
        Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126509
COA: 244553
Shiawassee CC: 02-007574-FC

By order of April 7, 2005, the application for leave to appeal the May 18, 2004 judgment of the Court of Appeals was held in abeyance pending the decision in *People v Jackson* (Docket No. 125250). On order of the Court, the case having been decided on February 9, 2007, 477 Mich 1019 (2007), the application is again considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we REMAND this case to the Shiawassee Circuit Court for an evidentiary hearing, affording the defendant the opportunity to offer proof that the complainant made a prior false accusation of sexual abuse against another person. The circuit court shall determine if there is any such evidence. Such evidence does not implicate the rape shield statute. MCL 750.520j. We further ORDER the circuit court to determine whether the defendant is indigent and, if so, to appoint counsel to represent him in connection with the evidentiary hearing. The hearing shall take place no later than 120 days after retention or appointment of counsel. We DIRECT the circuit court to submit a transcript of the hearing along with its findings to the Clerk of this Court within 28 days of the hearing.

We retain jurisdiction.

MARKMAN, J., concurs and states as follows:

I concur in the order to remand for an evidentiary hearing, because I respectfully disagree with the dissent that such order "gives defendant a second bite at the apple, in contravention of MRE 103(a)."

Here, defense counsel stated that he would seek to introduce evidence that the alleged victim of sexual abuse had previously made a complaint to the Family Independence Agency of sexual abuse by her grandfather, which resulted in an investigation but no charges being brought. The prosecutor moved to exclude any reference to allegedly false accusations of sexual abuse by the victim. This motion was granted by the trial court, which held that the rape shield law, MCL 750.520j, prevented defendant from introducing such evidence. The Court of Appeals affirmed the trial court, and held that "[d]efendant failed to make the requisite offer of proof required by MCL 750.520j(2)."

Under *People v Jackson*, 477 Mich 1019 (2007), MCL 750.520j simply does not apply when a defendant seeks to introduce evidence of prior false accusations by an alleged victim. However, defendant still must comply with MRE 103(a), which states:

Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and . . .

(2) Offer of Proof. In case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked.

Thus, a defendant must indicate the "substance of the evidence" either "by offer or . . . from the context within which questions were asked." In this case, defendant made clear that the "substance of the evidence" he wished to introduce was the earlier complaint by the alleged victim, the ensuing investigation, and the absence of eventual charges resulting from the investigation. Because the "substance of the evidence" was "apparent from the context," the dissent errs in concluding that "defendant failed to comply with the preservation requirement codified in MRE 103(a)."

The present order does not afford defendant a "second bite at the apple" because the defendant "already had an opportunity to offer proof of the alleged falsity of the prior accusation." To the contrary, the trial court's ruling prevented defendant from presenting *any* evidence of a prior false accusation. Consequently, this order allows defendant only a "first bite at the apple."

Because the trial court prevented defendant from making reference to prior false accusations, it is unclear precisely what evidence defendant would have produced. An order of a remand to the trial court to conduct an evidentiary hearing is appropriate to resolve whether the trial court's incorrect application of MCL 750.520j constituted harmless error or whether a new trial is required.

WEAVER, J., dissents and states as follows:

I dissent. I would not remand this case and I would deny leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice in this case.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the majority's decision to remand this case to the trial court for an evidentiary hearing, and to thereby give defendant a *second* chance to offer proof that the complainant made a prior false accusation of sexual abuse against another person. The majority ignores the fact that defendant *already* had an opportunity to offer proof of the alleged falsity of the prior accusation, and that he failed to do so. Under the plain language of MRE 103(a), error may not be predicated on the exclusion of evidence

where no offer of proof was made. Yet the majority, for reasons that it wholly fails to explain, now gives defendant a second bite at the apple, in contravention of MRE 103(a).

A jury found defendant guilty of two counts of first-degree criminal sexual conduct, MCL 750.520(b)(1)(a), arising out of the sexual abuse of his nine-year-old stepdaughter. On appeal, defendant contended that the trial court erred in excluding evidence that the victim had made prior false claims of sexual abuse against her grandfather. The Court of Appeals rejected defendant's argument, noting that under *People v Hackett*, 421 Mich 338, 350 (1984), "the defendant is obligated initially to make an offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted," and "[u]nless there is a sufficient showing of relevancy in the defendant's offer of proof, the trial court will deny the motion." The Court of Appeals further explained that in *People v Williams*, 191 Mich App 269, 272 (1991), it had rejected an effort to elicit testimony of a prior false accusation where the defendant was "unable to offer any concrete evidence" that such an accusation had been made. The defense counsel in *Williams* "had no idea whether the prior accusation was true or false and no basis for believing that the prior accusation was false. Counsel merely wished to engage in a fishing expedition in hopes of being able to uncover some basis for arguing that the prior accusation was false." *Id*. at 273-274.

The Court of Appeals reasoned that defendant here also failed to make an adequate offer of proof:

> Similarly, in the instant case, defendant failed to offer any concrete evidence establishing that the victim had made a prior false accusation of being sexually abused by her grandfather. Pursuant to MRE 103(a)(2), error may not be predicated upon a ruling which excludes evidence, unless a substantial right of the party is affected, and the substance of the evidence was made known to the court by an offer of proof. Defense counsel admitted that he did not know the age of the victim at the time of the alleged prior false accusation, guessed that she was four years old, and merely stated that reports had been made to the Family Independence Agency and that as a result, the victim was examined by a doctor at that time. [*People v Williams*, unpublished opinion per curiam of the Court of Appeals, issued May 18, 2004 (Docket No. 244553), Slip op at 3.]

The Court of Appeals concluded that, as in *Williams*, defendant here "was not entitled to use the trial as a forum to determine the existence of a prior accusation made by the victim against her grandfather, and whether that accusation was true or false." *Id*. at 3-4.

It is not clear why the majority questions the Court of Appeals analysis. The language of MRE 103(a)(2) supports the Court of Appeals reasoning: error may not be predicated on a ruling that excludes evidence unless a substantial right of the party is affected and an offer of proof revealed to the court the substance of the evidence.

Defense counsel here failed to offer proof that the complainant had made a prior false accusation against her grandfather.[1]

MRE 103(a) does not provide for a second bite at the apple.[2] This Court should not condone, let alone order, "a fishing expedition," *Williams*, *supra* at 274, where defendant failed to comply with the preservation requirement codified in MRE 103(a).

---

[1] Even assuming that defense counsel's assertion that reports had been made to the Family Independence Agency could prove the *existence* of a prior accusation of sexual abuse, counsel's assertion does not establish the *falsity* of any such accusation. Nor does the complainant's inability to recall an event that allegedly occurred when she was (according to defense counsel's "guess") four years old prove that any prior accusation was false. I note that in addition to the complainant's tender age, she suffered a closed head injury earlier in life and has attended special education classes.

Justice Markman asserts that the substance of the evidence was somehow apparent from the "context." While MRE 103(a)(2) does permit preservation where the "context within which questions were asked," MRE 103(a)(2), made the substance of the evidence apparent, Justice Markman does not identify any "questions" whose "context" he thinks demonstrated the falsity of the prior allegations. The Family Independence Agency report, which defense counsel referred to but did not seek to introduce, may have established the existence of the prior allegations, but counsel did not explain how the report would have demonstrated the *falsity* of the allegations.

Justice Markman also refers to "the earlier complaint by the alleged victim, the ensuing investigation, and the absence of eventual charges resulting from the investigation." But the mere fact that charges were never filed does not prove that the allegations were false, as a prosecutor at his discretion may decline to file charges for any number of reasons.

[2] Justice Markman asserts that defendant is not getting a second bite at the apple because "the trial court's ruling prevented defendant from presenting *any* evidence of a prior false accusation." (Emphasis in original.) In reviewing the record, however, I have found no indication that defendant sought to present evidence of falsity and that the trial court prevented him from doing so.

Indeed, it is notable that after ruling on this matter, the trial court stated that it would be "free and open minded to take a look at" any contrary appellate authority that defense counsel could find. Defense counsel then conceded that he had found no such authority.

For these reasons, I respectfully dissent from the majority's order remanding for an evidentiary hearing.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 22, 2007

_____
Clerk

t0619