# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 16, 2008

126509 & (50)

PEOPLE OF THE STATE OF MICHIGAN,
     Plaintiff-Appellee,

v

RICKY ALLEN PARKS,
     Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 126509
COA: 244553
Shiawassee CC: 02-007574-FC

     By order of June 22, 2007, we remanded this case to the Shiawassee Circuit Court for an evidentiary hearing and directed the trial court to determine if there was any evidence that the complainant made a prior false accusation of sexual abuse against another person. On order of the Court, the evidentiary hearing having been held and the Shiawassee Circuit Court's finding and accompanying transcript of the hearing having been received, we again consider the application for leave to appeal the May 18, 2004 judgment of the Court of Appeals. We direct the Clerk to schedule oral argument on whether to grant the application or take other peremptory action. MCR 7.302(G)(1). The parties shall file supplemental briefs within 56 days of the appointment or procurement of counsel by the defendant, and the parties shall include among the issues addressed: (1) whether the evidence of prior accusations of sexual abuse made by the complainant against another person that was revealed during the evidentiary hearing on remand is admissible under the Michigan Rules of Evidence; (2) whether the truth or falsity of those accusations makes a difference in assessing their admissibility, given the young age of the complainant at the time of trial; (3) whether the circuit court's ruling at the defendant's trial prohibiting the further discovery and introduction of this evidence constituted reversible error; (4) whether such evidence is subject to the rape shield statute, MCL 750.520j; (5) whether the sexual abuse of a young child constitutes "the victim's past sexual conduct" within the meaning of MCL 750.520j(a); and (6) whether the defendant in this case must be allowed to introduce the evidence of the complainant's prior accusations of sexual abuse in order to preserve his constitutional right of confrontation and to present a defense.

     We further ORDER the Shiawassee Circuit Court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so,

to appoint the State Appellate Defender Office to represent the defendant in this Court.

The Criminal Defense Attorneys of Michigan and the Prosecuting Attorneys Association of Michigan are invited to file briefs amicus curiae. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae.

CORRIGAN, J., concurs and states as follows:

I join the order scheduling this case for oral argument. I write separately because I question the manner in which this Court frames the issues for argument. The order (1) injects a new issue that defendant has never raised in the prior history of this case and (2) overlooks the key issue arising from this Court's earlier remand of this case.

A jury found defendant guilty of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a), arising out of the sexual abuse of his nine-year-old stepdaughter. On appeal, defendant contended that the trial court erred by excluding evidence that the victim had made prior false accusations of sexual abuse against another person. The Court of Appeals rejected defendant's argument because defendant had "failed to offer any concrete evidence" of a prior false accusation.[1] This Court remanded the case to the trial court for "an evidentiary hearing, affording the defendant the opportunity to offer proof that the complainant made a prior false accusation of sexual abuse against another person."[2]

On remand, the trial court held hearings and reviewed the evidence presented. At the conclusion of the hearings, the court found no evidence that the victim had made a prior false accusation of sexual abuse against another person.

This Court's order now directs the clerk to schedule oral argument on the application. The order identifies issues that the parties "shall" address. Notably absent from those mandatory issues is one related to the very question for which we required an evidentiary hearing on remand to the trial court: whether the victim made a prior false accusation of sexual abuse against another person. The order does not ask the parties to address whether the trial court clearly erred when it found no evidence of a prior false accusation.

---

[1] *People v Parks*, unpublished opinion per curiam, issued May 18, 2004 (Docket No. 244553), p 3.

[2] 478 Mich 910 (2007).

Instead, the Court's order mandates argument on issues that the parties themselves have never advanced. For example, the order asks whether the truth or falsity of the prior accusation affects its admissibility, whether the prior sexual abuse (implicitly assuming its truth) would constitute "the victim's past sexual conduct" under the rape-shield statute, MCL 750.520j(1)(a), and whether defendant must be allowed to present such evidence to preserve his constitutional rights of confrontation and to present a defense.

It appears that defendant has never argued on appeal that the prior accusation of sexual abuse was true and that he must be allowed to present such evidence. On the contrary, defendant's contention on appeal has always been that the victim made a prior *false* accusation of sexual abuse.

Accordingly, this Court's framing of the issues for argument is quite unusual given that (1) this Court has already remanded for an evidentiary hearing regarding whether the prior accusation was *false* and (2) this Court now invents a new theory that the prior accusation may be admissible because it is *true*. If the evidence is admissible *because it is true*, then the purpose of our previous remand for an evidentiary hearing to determine whether the accusation was *false* is not readily apparent.

In any event, I would invite the parties and the amici curiae to address (1) whether the issues now raised by this Court's order are properly before this Court, (2) the appropriate standard for reviewing those issues, if any, and (3) whether it is appropriate to grant relief on those issues. Further, I would suggest that the parties and the amici curiae may also wish to address the issue resulting from our remanding this case to the trial court, which this Court's order now overlooks: whether the trial court clearly erred when it found no evidence that the victim made a prior false accusation of sexual abuse against another person.

WEAVER, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 16, 2008

_____
Clerk

t0513