# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 26, 2017

Plaintiff-Appellee/Cross-Appellant,

v

No. 326105
Allegan Circuit Court
LC No. 13-018686-FC

BRANDON JAMES HARBISON,

Defendant-Appellant/Cross-
Appellee.

Before: MURPHY, P.J., and METER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a); attempted first-degree criminal sexual conduct, MCL 750.92; MCL 750.520b(1)(a); two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a); and accosting a minor for immoral purposes, MCL 750.145a. This Court remanded for a *Ginther*[1] hearing. Following the evidentiary hearing, the trial court concluded that defendant was denied the effective assistance of counsel and granted defendant a new trial. The prosecution cross-appeals. We reverse the order granting defendant a new trial and affirm defendant's convictions.

The victim testified that defendant, her uncle, touched her inappropriately. The touching, according to the victim, started when she was in second grade and stopped when she was in fourth grade. It occurred at her grandmother's house and her mother's house. When defendant touched the victim at her grandmother's house, he did so in a bedroom and the victim's brother was in the room. The brother was sitting on a chair and playing on a PlayStation. When defendant touched the victim at her mother's house, he did so in a bedroom and no one else was in the room. The victim testified that defendant touched her vagina with his hands and his mouth. Sometimes defendant touched the victim over her clothes; other times, he had the victim remove her pants. Defendant also touched his penis while touching the victim's butt, tried to put his penis into the victim's vagina and butt, made the victim touch his penis with her hands, and

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

put his penis into her mouth. The victim also testified that defendant made her watch a movie with him in which the actors were having sex.

On appeal, defendant raises four claims of ineffective assistance of counsel: (1) defense counsel was ineffective because he did not communicate a plea offer for second-degree criminal sexual conduct (CSC II) to defendant until the morning of trial; (2) defense counsel did not investigate and present evidence of the victim's prior accusations of sexual abuse against her brother and Elias Garcia, the father of the victim's two youngest sisters; (3) defense counsel did not interview the victim's brother and call him as a witness at trial; and (4) defense counsel did not investigate the victim's attempts to communicate with defendant after the incidents. The trial court concluded that defendant was entitled to a new trial based on defense counsel's failure to interview the victim's brother and present him as a witness at trial.

"The determination whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). A trial court must first find the facts and then decide whether the facts establish a violation of the defendant's right to the effective assistance of counsel. *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011). We review a trial court's factual findings for clear error, and questions of constitutional law de novo. *Id*.; see also *People v Gioglio (On Remand)*, 296 Mich App 12, 19-20; 815 NW2d 589 (2012), vacated in part 493 Mich 964 (2012) ("This Court reviews de novo, as a question of constitutional law, the determination that a particular act or omission fell below an objective standard of reasonableness under prevailing professional norms and prejudiced the defendant's trial."). Clear error exists if this Court is left with a definite and firm conviction that the trial court made a mistake. *Armstrong*, 490 Mich at 289.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below objective standards of reasonableness and that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceedings would have been different. *People v Uphaus (On Remand)*, 278 Mich App 174, 185; 748 NW2d 899 (2008). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Seals*, 285 Mich App at 17 (citation and quotation marks omitted). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). A court may not substitute its judgment for that of counsel on matters of trial strategy, nor use the benefit of hindsight when assessing counsel's competence. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009).

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of

deference to counsel's judgments. [*Strickland v Washington*, 466 US 668, 690-691; 104 S Ct 2052; 80 L Ed 2d 674 (1984).]

First, defendant argues that defense counsel was ineffective for not informing defendant of a plea offer for CSC II until the morning of trial. After hearing defense counsel's testimony at the evidentiary hearing, the trial court found that defense counsel timely informed defendant of the prosecutor's willingness to consider a plea deal if defendant was willing to plead guilty to CSC II. The trial court's finding was not clearly erroneous. *Armstrong*, 490 Mich at 289. Defense counsel testified that he informed defendant and defendant's girlfriend that, if defendant was willing to plead guilty to CSC II, the prosecutor's office might offer a CSC II plea deal. Defense counsel distinctly remembered that defendant and his girlfriend said that defendant was innocent and decided to proceed to trial. Based on defense counsel's testimony, we are not left with a definite and firm conviction that the trial court made a mistake in its finding on this issue. *Id*. Defendant's argument that defense counsel was ineffective for failing to timely communicate the CSC II plea offer is without merit.

Second, defendant argues that defense counsel was ineffective for failing to investigate and present evidence of the victim's prior accusations of sexual abuse against her brother and Garcia. Evidence that a complainant made a prior false accusation of sexual abuse against another person does not implicate the rape shield statute, MCL 750.520j. *People v Parks*, 478 Mich 910, 910; 733 NW2d 21 (2007); *People v Jackson*, 477 Mich 1019, 1019; 726 NW2d 727 (2007). Evidence of a complainant's prior false accusations is relevant because it bears directly on the complainant's credibility and the credibility of the complainant's current accusations. *People v Williams*, 191 Mich App 269, 272; 477 NW2d 877 (1991).

Even if we were to assume that MRE 608(b)[2] does not preclude extrinsic evidence of a complainant's prior false accusations for purposes of attacking or supporting her credibility,[3] we would find no basis for reversal. In order to introduce evidence of a complainant's prior false accusation, the defendant must make an offer of proof and the trial court generally should conduct an evidentiary hearing to determine if the evidence is admissible. *Parks*, 478 Mich at 910; *Williams*, 191 Mich App at 273. A defendant is not entitled to use the evidentiary hearing as a fishing expedition, nor is the defendant entitled to have the trial court conduct "a trial within the trial" to determine whether there was a prior accusation and whether that accusation was false. *Williams*, 191 Mich App at 274.

At the *Ginther* hearing, regarding the victim's prior accusations against Garcia, the victim's mother testified that, after the victim accused Garcia of sexual abuse, the police interviewed Garcia and Garcia was never arrested and no charges were filed against him.[4] The

---

[2] MRE 608(b) provides that specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, may not be proven by extrinsic evidence.

[3] See, e.g., *Jackson*, 477 Mich at 1019.

[4] The prosecutor also stipulated that the prosecutor's office in Allegan County did not pursue any criminal charges against Garcia based on the victim's accusations.

fact that Garcia was never arrested or charged did not establish that the victim's accusations against him were false. See *People v Yarger*, 193 Mich App 532, 538; 485 NW2d 119 (1992) ("[T]he bare facts that one of the subjects of an accusation was not bound over for trial and that no investigation was conducted in the other incident do not show that the accusations were false.").

Regarding the victim's accusations against her brother, the brother testified at the evidentiary hearing that he never engaged in sexual conduct with the victim. The brother further testified that, although the victim's accusations against him resulted in charges, those charges were dismissed when he pleaded guilty to a charge of criminal sexual conduct against another girl, HS. The dismissal of the charges resulting from the victim's accusations did not establish that the accusations were false. Charges are routinely dismissed in plea deals. Additionally, the brother's mere testimony that he never sexually abused the victim did not establish that the accusations against him were false. There is no evidence on the record that a prior court determined that the accusations were false, see *Williams*, 191 Mich App at 273 n 1, or that the victim ever recanted the accusations against her brother or would recant if questioned under oath about them. As stated in *Williams*, 191 Mich App at 274, "defendant was not entitled to have the court conduct a trial within the trial to determine whether there was a prior accusation and whether that prior accusation was true or false."

We reject defendant's claim that defense counsel was ineffective for failing to investigate the victim's prior accusations and to present evidence of them at trial. Defense counsel cannot be considered ineffective for failing to present inadmissible evidence. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (stating that counsel is not ineffective for failing to make a meritless argument or to raise a futile objection). Because defendant failed to show that evidence of the victim's prior accusations was admissible, defendant was not prejudiced by any failure of defense counsel to investigate the accusations.

Third, defendant argues that defense counsel was ineffective for failing to interview the victim's brother and call him as a witness at trial to rebut testimony from the victim. The trial court concluded that defense counsel's failure to interview the victim's brother fell below objective standards of reasonableness. According to a police report, the victim informed Trooper Todd Workman that her brother was sometimes present when defendant sexually abused her. At the evidentiary hearing, defense counsel testified that, based upon his review of the police reports, he was aware that the victim alleged that her brother had witnessed some of defendant's abuse. A failure to investigate does not constitute ineffective assistance of counsel unless prejudice resulted to the defendant. *People v Caballero*, 184 Mich App 636, 640; 459 NW2d 80 (1990). Defendant was not prejudiced by defense counsel's failure to interview the victim's brother. The brother testified that he would have told defense counsel that he never saw defendant engage in sexual conduct with the victim, but defense counsel already knew about the brother's denial. Defense counsel testified that he had been informed by a police officer, who had spoken with the victim's brother, that the brother denied seeing any abuse by defendant, yet counsel nevertheless chose not to put the brother on the stand. We cannot conclude that anything would have changed had counsel further investigated the brother.

Nevertheless, the trial court concluded that the failure to call the victim's brother as a witness at trial fell below objective standards of reasonableness. At the evidentiary hearing,

defense counsel repeatedly testified that he did not know why he did not call the brother as a witness. Defense counsel also testified that it was his understanding that the victim's brother had been convicted of sexually abusing the victim. Defense counsel's understanding was wrong. The victim's brother pleaded guilty to a criminal sexual conduct charge related to HS, and the charges resulting from the victim's accusations were dismissed. When a defendant's claim of ineffective assistance of counsel depends on facts not on the record, the defendant must make a testimonial record in the trial court " 'which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately.' " *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999), quoting *People v Ginther*, 390 Mich 436, 442-443; 212 NW2d 922 (1973). Even though defense counsel could not remember why he did not call the victim's brother as a witness and had a misunderstanding about the brother's juvenile adjudication, defendant was only entitled to a new trial based on ineffective assistance of counsel if defendant successfully excluded hypotheses consistent with the view that defense counsel represented him adequately. See also *Strickland*, 466 US at 690 (stating that a defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment and the trial court "must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance").

Evidence of the brother's adjudication was not admissible to attack his credibility. See MRE 609(a), (e). Indeed, the criminal sexual conduct offense did not contain an element of dishonesty or false statement or an element of theft.

Because MRE 609 only applies to past *convictions*, *People v Layher*, 464 Mich 756, 771; 631 NW2d 281 (2001), it did not apply to the victim's prior accusations of sexual abuse against her brother. As will be explained, if the victim's brother testified, inquiry could be made into those dismissed charges to show his bias toward the victim.

The term "bias" is "used to describe the relationship between a party and a witness . . . in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest." *Id*. at 762 (citation and quotation marks omitted). A witness's bias is always relevant, *id*. at 764; *People v McGhee*, 268 Mich App 600, 637; 709 NW2d 595 (2005), and is often explored during cross-examination, *Layher*, 464 Mich at 764, 769-770. Inquiry may be made into a witness's prior arrests or charges for the purpose of establishing a witness's bias. *Id*. at 757-758. If the victim's brother testified at trial, then facts would have been brought out on cross-examination to support an inference that the brother was biased against the victim. Those facts include that the victim accused the brother of sexually abusing her.

There are countless ways to provide effective assistance of counsel. *Gioglio*, 296 Mich App at 22; see also *Strickland*, 466 US at 690. The failure to call the victim's brother as a witness did not fall outside the range of professionally competent assistance. Although the brother could have testified that he never saw defendant engage in sexual conduct with the victim, thereby arguably refuting part of the victim's testimony, the brother had credibility problems. Any attorney, aware of the credibility problems that would arise, may have determined that it was best to not call the brother as a witness—particularly where questions on cross-examination could implant in the jury's mind a suggestion that he, another family member, had sexually abused the victim—and instead to attack the victim's credibility in other ways. In

addition, the brother's testimony that defendant argues should have been admitted would not have been particularly helpful to the defense because (1) the victim stated that some of defendant's abuse consisted of touching her over her clothes and (2) the victim never stated that the brother *saw* the abuse and further stated that, the times when the brother was in the room during the abuse, he was in a chair playing on a PlayStation.[5] Thus, although defense counsel could not say why he did not call the victim's brother as a witness and had a misunderstanding of the brother's juvenile adjudication, the trial court erred in concluding that defense counsel was ineffective for failing to call the victim's brother as a witness. The assistance that defendant received fell within the range of professionally competent assistance. *Id.*

Fourth, defendant argues that defense counsel was ineffective for failing to investigate the victim's attempts to communicate with defendant during the trial proceedings. A defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *Hoag*, 460 Mich at 6. If the claim depends on facts not of record, it is incumbent on the defendant to make a testimonial record that supports the claim. *Id.* At the evidentiary hearing, defendant presented no evidence or testimony regarding text messages that the victim sent defendant or, significantly, regarding whether he informed counsel of any such messages.[6] Because defendant failed to establish the factual predicate for the claim, we reject defendant's claim that defense counsel was ineffective for failing to investigate text messages that the victim sent defendant.

Defendant also argues that he was denied a fair trial when Dr. N. Debra Simms, the physician who examined the victim at the Safe Harbor Children's Advocacy Center, testified that she diagnosed the victim with probable pediatric sexual abuse. Because defendant did not object to Dr. Simms's testimony at a time when the trial court had an opportunity to correct the alleged error, the claim of error is unpreserved. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). We review unpreserved claims of evidentiary error for plain error affecting the defendant's substantial rights. *People v Benton*, 294 Mich App 191, 202; 817 NW2d 599 (2011). Plain error, which is error that is clear or obvious, affects a defendant's substantial rights when it affects the outcome of the lower court proceedings. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

"Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier or fact." MRE 704. However, such testimony must be helpful. *People v Smith*, 425 Mich 98, 107; 387 NW2d 814 (1986). A physician who examines a sexual abuse victim may be a proper witness, but if the physician's opinion that sexual abuse occurred is based solely on what the victim told the physician, absent the physician being qualified as an expert in assessing credibility, the opinion will be deemed to be unhelpful. *Id.* at 107, 109, 113.

---

[5] A jury could easily conclude that the brother, even if in the room, missed seeing the abuse.

[6] Even if we consider defendant's earlier affidavit regarding the text messages, neither this affidavit nor that of defendant's girlfriend indicates that counsel was informed of the text messages.

Although Dr. Simms's diagnosis of probable pediatric sexual abuse was based solely on the victim's statements, her testimony was not plainly erroneous. *Benton*, 294 Mich App at 202. When questioned about the diagnosis, Dr. Simms testified that there was a national consensus about diagnosing child sexual abuse. She explained that she will give a diagnosis of probable pediatric sexual abuse if the child gives a clear, consistent, detailed, or descriptive history, regardless of whether there are physical findings of abuse. Dr. Simms also explained when she will give a diagnosis of possible pediatric sexual abuse or definite pediatric sexual abuse. Dr. Simms never testified whether she found the victim credible or whether she definitively believed that the victim was sexually abused; rather, it appears that Dr. Simms was simply leaning toward taking the victim at her word. Under these circumstances, Dr. Simms's testimony that she diagnosed the victim with probable pediatric sexual abuse did not constitute a clear and obvious error. *Carines*, 460 Mich at 763. In addition, even if we were to conclude that a plain error occurred, we cannot find the requisite prejudice requiring reversal, *id.*, because the testimony, read as a whole, made clear that the physician was simply relying on the victim's word, and the victim herself testified at trial.[7]

The trial court's order granting defendant a new trial is reversed and defendant's convictions are affirmed.


/s/ William B. Murphy
/s/ Patrick M. Meter

---

[7] We note that the trial court instructed the jury that it did not have to believe the expert's opinion.