# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARNELL MILLER,

Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No. 322711
St. Clair Circuit Court
LC No. 13-002651-FC

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of two counts of first-degree criminal sexual conduct (CSC), MCL 750.520b, two counts of second-degree CSC, MCL 750.520c, one count of unlawful imprisonment, MCL 750.349b, one count of felonious assault, MCL 750.82, and one count of possession of under 25 grams of a controlled substance, MCL 333.7403(2)(a)(v). We affirm.

Defendant first argues that his rights to present a defense and to confront the witnesses against him were violated because the trial court improperly excluded evidence that the complainant had threatened to falsely accuse another man of rape and had a motive to fabricate the allegations in this case. We disagree.

A trial court's decision on an evidentiary issue will be reversed on appeal only when there has been a clear abuse of discretion. *People v Hackett*, 421 Mich 338, 349; 365 NW2d 120 (1984); *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *People v Portellos*, 298 Mich App 431, 453; 827 NW2d 725 (2012). Whether a defendant was denied his constitutional right to present a defense or to confront witnesses against him is considered de novo. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002).

Defendant's convictions arise out of his actions occurring on September 15, 2013. Prior to trial, defendant filed a motion to admit as evidence a police report dated February 16, 2014, in which an associate of defendant, Ronald Williams, claimed that the complainant threatened to falsely accuse him of raping her after he accused the complainant of stealing his money. Defendant argued that the evidence was admissible for the purpose of impeaching the complainant's credibility and to show motive and plan. The trial court excluded the evidence on the grounds that the complainant never made a false report of rape to the police and, in addition,

-1-

"[t]here is certainly not the trustworthiness of the statements that would allow them into evidence under any circumstances."

Generally, the rape-shield statute, MCL 750.520j, does not prohibit the admission of prior false accusations of rape. *Hackett*, 421 Mich at 348; *People v Dale Williams*, 191 Mich App 269, 272; 477 NW2d 877 (1991). However, before such evidence will be admitted, the defendant must make an offer of proof to demonstrate the relevance of the evidence sought to be admitted. *Id*. at 273. That is, concrete evidence must establish that the complainant had actually made a prior false accusation of rape. *Id*. And, here, defendant failed to offer any evidence that the complainant made a prior false accusation of rape. As the trial court held, the complainant never filed a police report accusing Williams of rape. Further, although the complainant's alleged threat against Williams was made via text message, no text message was ever produced.

While a criminal defendant has a fundamental right to present a defense and to confront witnesses against him, the defendant still must comply with procedural and evidentiary rules designed to assure fairness and reliability in the ascertainment of guilt or innocence. *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984). Thus, a defendant's right to present a defense and to confront witnesses against him is limited by the requirements that evidence be relevant and admissible. *Hackett*, 421 Mich at 354. Because defendant did not make the requisite offer of proof to justify introduction of the challenged evidence, the exclusion of that evidence did not deny defendant his right to present a defense or his right to confront the witnesses against him.

Next, defendant argues that the trial court erred in holding that the rape-shield statute, MCL 750.520j, prohibited him from asking the complainant when she learned she was pregnant, and from asking her about statements she made to police implying that the pregnancy resulted from the sexual assault. We disagree.

The rape-shield statute, MCL 750.520j, provides as follows:

(1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:

(a) Evidence of the victim's past sexual conduct with the actor.

(b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.

Defendant contends that the trial court erred in concluding that the rape-shield statute prohibited him from asking when the complainant learned she was pregnant because such evidence related to the source of the pregnancy, not the complainant's sexual conduct. But evidence regarding the source of a pregnancy is only admissible if it is material to a fact at issue in the case. MCL 750.520j(1). And, here, the source of the complainant's pregnancy was not material to a fact at issue because the prosecution did not argue that the pregnancy resulted from the sexual assault.

-2-

Defendant further argues that he should have been allowed to challenge the complainant's credibility by showing that she made misrepresentations to police implying that the source of her pregnancy was the sexual assault. But, again, the prosecution did not argue that the pregnancy resulted from the sexual assault. And evidence that the complainant was pregnant at the time of the sexual assault clearly involves inquiry into her past sexual conduct which is not permitted under MCL 750.520j, i.e., there is no such exception. Moreover, any probative value of such evidence was outweighed by its inflammatory or prejudicial nature. See MCL 750.520j(1). Therefore, the trial court did not abuse its discretion by prohibiting defendant from asking the complainant when she learned she was pregnant, and about statements she made to police implying that the pregnancy resulted from the sexual assault. However, even if the trial court erred in excluding the evidence challenged on appeal, any error was harmless in light of the weight and strength of the physical and other untainted evidence against defendant. See *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002), quoting *People v Elston*, 462 Mich 751, 766; 614 NW2d 595 (2000).

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray