# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SHAWN JAMES JARRETT,

Defendant-Appellant.

UNPUBLISHED
July 21, 2016

No. 327068
Kent Circuit Court
LC No. 14-009315-FC

Before: MURRAY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

Defendant appeals as of right his convictions of two counts of first-degree criminal sexual conduct ("CSC"), MCL 750.520b(1)(c) and MCL 750.520b(1)(f);[1] and of first-degree home invasion, MCL 750.110a(2). We affirm.

On appeal, defendant claims that defense counsel at trial was ineffective because he did not move for a mistrial or evidentiary hearing after it was disclosed at sentencing that a crime scene technician involved in the investigation, Anthony Dilley, had lied on his curriculum vitae, falsified daily activity logs, and failed to follow proper procedure when obtaining drug test results in other cases. According to defendant, a mistrial or evidentiary hearing was necessary to determine whether Dilley accessed and tampered with key DNA evidence present in this case. Our review is limited to errors apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). To demonstrate ineffective assistance of counsel, "the defendant must show that counsel's performance fell below an objective standard of reasonableness," and "the defendant must show that, but for counsel's deficient performance, a different result would have been reasonably probable." *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011), citing *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Defendant "bears a heavy burden in establishing that counsel's performance was deficient" and that defendant "was prejudiced by the deficiency." *People v Lopez*, 305 Mich App 686, 693-694; 854 NW2d 205 (2014).

---

[1] The first count of first-degree CSC was based on anal/penile penetration during the commission of a home invasion, and the second count of first-degree CSC was based on digital/vaginal penetration using force that caused personal injury to the victim.

Defendant's argument is meritless. A mistrial may only be granted if there is "an irregularity that is prejudicial to the rights of the defendant and impairs his ability to get a fair trial." *People v Schaw*, 288 Mich App 231, 236; 791 NW2d 743 (2010). Additionally, whether or not to hold an evidentiary hearing is within the discretion of the trial court, *People v Rose*, 289 Mich App 499, 528; 808 NW2d 301 (2010), and a request for an evidentiary hearing to expose facts supporting a motion for mistrial must be supported by an offer of proof or some kind of factual support. See *People v Johnson*, 202 Mich App 281, 287; 508 NW2d 509 (1993) (denying the defendant's motion for an evidentiary hearing to evaluate identification procedures, stating that "[w]e do not believe that a defendant is entitled to an evidentiary hearing where the defendant fails to support the allegation of impropriety with factual support or where it is clear from the record that such a hearing would be futile"); *Rose*, 289 Mich App at 531 (holding that the trial court properly denied a motion for an evidentiary hearing challenging a juror's bias, because there was no evidence that the juror was partial, and the defendant "essentially invited the trial court to speculate" that the juror might have had some bias). An evidentiary hearing is not warranted where it would merely be a fishing expedition. *People v Williams*, 191 Mich App 269, 273-274; 477 NW2d 877 (1991).

Defendant has not demonstrated or even argued that there is any factual support that Dilley accessed or tampered with the DNA evidence in this case such that a mistrial or evidentiary hearing would have been granted if defense counsel had requested one. In fact, there is evidence on the record affirmatively supporting that Dilley did not have access to the DNA evidence. The record reflects that Dilley participated in a search of defendant's apartment, not in the search of the victim's home (where a pillow with defendant's semen on it was found), and not in the hospital rooms where DNA samples were obtained from the victim and from defendant. A crime scene technician testified that after the physical evidence from the victim's home was analyzed, it was packaged and placed in a secure property room where nobody had access to it. Furthermore, an investigating police officer testified that he retrieved the physical evidence from that secure property room, as well as the DNA evidence collected at the hospital, and stored the evidence in another secure property room. He testified that nobody accessed, touched, or tampered with that evidence until it was taken to the Michigan State Police Crime Lab for analysis.

Thus, because there was no indication or evidence that Dilley tampered with or had access to the DNA evidence, it would have been meritless for defense counsel to move for a mistrial or evidentiary hearing on the basis of speculation that Dilley may have tampered with the DNA evidence. See *Schaw*, 288 Mich App at 236; *Rose*, 289 Mich App at 521; *Williams*, 191 Mich App at 273-274. Because defense counsel cannot be ineffective for failing to raise meritless issues, *People v Ericksen*, 208 Mich App 192, 201; 793 NW2d 120 (2010), defendant has failed to carry his burden of demonstrating that defense counsel's performance fell below an objective standard of reasonableness. *Lopez*, 305 Mich App at 693-694.

Affirmed.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Patrick M. Meter

-2-