*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBIN JOSEPH PRESSEY,

        Defendant-Appellant.

UNPUBLISHED
June 12, 2025
12:18 PM

No. 364673
Ottawa Circuit Court
LC No. 22-045113-FH

Before: BOONSTRA, P.J., and REDFORD and MARIANI, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's denial of his motion in limine to introduce into evidence four previous allegedly false allegations of sexual assault. For the reasons stated in this opinion, we affirm.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

This matter arises out of allegations that defendant sexually assaulted his daughter, AP, multiple times when she was between the ages of 11 and 13. During the course of the related law enforcement investigation, defendant is alleged to have admitted to sexually assaulting his daughter at least once and recording a video of her while she was in the bathroom. At some point during the investigation, defendant told law enforcement about previous allegations made against him, including some made within, and outside of, the bounds of the county. Defendant was arrested and later charged with two counts of second-degree criminal sexual conduct (multiple variables), MCL 750.520c; one count of accosting a child for immoral purposes, MCL 750.145a; and one count of aggravated child sexually abusive activity, MCL 750.145c(2)(b).

---

[1] *People v Pressey*, 12 NW3d 437 (Mich, 2024).

Prior to trial, defendant moved to introduce four previous allegedly false allegations of sexual abuse made against him by AP's mother on behalf of herself and AP. The trial court denied defendant's motion and excluded all four previous allegations.

After this Court denied defendant's application for leave to appeal, he appealed to our Supreme Court. The Supreme Court held defendant's application for leave in abeyance pending its decision in *People v Butler*, 513 Mich 24; 6 NW3d 54 (2024). *People v Pressey*, 993 NW2d 865 (Mich, 2023). On October 30, 2024, on consideration of defendant's application for leave, the Supreme Court vacated the trial court's order and remanded the case to this Court. *Pressey*, 12 NW3d at 438.

The Supreme Court ordered that this Court would, on remand and while retaining jurisdiction, remand the case to the trial court to determine

> whether the defendant ha[d] made an initial " 'offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted.' " *Butler*, 513 Mich at 30, quoting *People v Hackett*, 421 Mich 338, 350, 365 NW2d 120 (1984). In making this determination, the trial court should follow this Court's guidance in *Butler*, 513 Mich at 31-32. See also *People v Williams*, 191 Mich App 269, 273-274; 477 NW2d 877 (1991) (holding that an offer of proof was insufficient because "defense counsel had no idea whether the prior accusation was true or false and no basis for believing that the prior accusation was false" and instead "merely wished to engage in a fishing expedition in hopes of being able to uncover some basis for arguing that the prior accusation was false"). [*Pressey*, 12 NW3d at 438.]

Moreover, the Supreme Court instructed that, if the trial court determined defendant "made the requisite offer of proof on any of the allegations," then the trial court would have to do the following:

> (1) determine the appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by the complainant, see *Butler*, 513 Mich at 33-34; (2) conduct an *in camera* evidentiary hearing under *Hackett*, 421 Mich 338, to determine whether the defendant presents sufficient proof of the falsity of the relevant allegations at the evidentiary hearing to warrant admission of the evidence at trial in this case; and (3) if necessary, make a preliminary determination as to whether, and the extent to which, the evidence is otherwise admissible under the rules of evidence. [*Pressey*, 12 NW3d at 438.]

Accordingly, this Court remanded the case on November 8, 2024, to the trial court. This Court's order provided in pertinent part:

> On the Court's own motion, pursuant to the Supreme Court's October 30, 2024 order, this case is REMANDED to the Ottawa Circuit Court for a determination whether defendant made an initial " 'offer of proof as to the proposed evidence [prior false allegations of sexual abuse] and to demonstrate its relevance to the purpose for which it is sought to be admitted.' " [*Butler*, 513 Mich at 30, citing *Hackett*, 421 Mich at 350

(quotation omitted)]. In making a determination, the trial court shall follow the Supreme Court's guidance in *Butler*, 513 Mich at 31-32. If the trial court determines defendant made the requisite offer of proof on any of the allegations, the trial court shall: (1) determine the appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by complainant, *id*. at 33-34; (2) conduct an in camera evidentiary hearing under *Hackett*, 421 Mich 338, to determine whether defendant presents sufficient proof of the falsity of the relevant allegations at the evidentiary hearing to warrant admission of the evidence at trial in this case; and (3) if necessary, make a preliminary determination whether, and to what extent, the evidence is otherwise admissible under the rules of evidence. Proceedings on remand are limited to those stated in this order. This Court retains jurisdiction. [*People v Pressey*, unpublished order of the Court of Appeals, entered November 8, 2024 (Docket No. 364673) (first alteration in original).]

Pursuant to the higher courts' orders, defendant again moved to introduce the four previous allegations of sexual abuse. Following a motion hearing, the trial court, in a December 30, 2024 Opinion and Order, again denied defendant's motion, holding that he did not sufficiently offer proof of a prior false allegation by AP and that, therefore, an evidentiary hearing was unnecessary. The timing and content of the previous allegations, as well as the trial court's assessment of them, were as follows:

| Time period | Age of AP at time | Nature of allegation | Trial court decision |
|---|---|---|---|
| May 2009 | 1.5 years old | Allegations made by an individual on behalf of AP's mother about AP's mother being held against her will and sexually assaulted by defendant. | The trial court concluded that this allegation did not provide proof that AP made a prior false allegation, given that it was made by and about someone other than AP. |
| July 2011 | 3.5 years old | Allegations by AP's mother about AP's conduct and statements after returning from a visit with defendant, which resulted in AP participating in a forensic interview. | The trial court concluded that, although the complaint was closed without a determination by police, there was no concrete evidence that AP made a false allegation and the mere failure of a forensic investigation to substantiate allegations of abuse did not establish that the allegations were proven false. |
| January 2012 | 4 years old | Allegations by AP's mother about statements by AP involving defendant's father, which resulted in AP | The trial court concluded that, although the complaint was closed without a determination by police, there was no concrete evidence that AP made a false allegation, and the mere failure of a forensic |

-3-

| | | participating in a forensic interview. | investigation to substantiate allegations of abuse did not establish that the allegations were proven false. |
|---|---|---|---|
| March 2013 | 5 years old | Allegations by AP's mother that AP had been sexually abused by defendant for the past 3 to 5 years, which resulted in AP participating in a forensic interview. | The trial court concluded that, although the complaint was closed without a determination by police, there was no concrete evidence that AP made a false allegation, and the mere failure of a forensic investigation to substantiate allegations of abuse did not establish that the allegations were proven false. The court also noted that defendant had not been able to produce a copy of AP's forensic interview. |

The trial court further explained:

> Because this Court determined that defendant did not make the requisite offer of proof of any of the false allegations, this Court finds that it is not necessary to determine the appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by complainant.

This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). "An appellate court should generally defer to the trial court's judgment, and if the trial court's decision results in an outcome within the range of principled outcomes, it has not abused its discretion." *People v Orlewicz*, 293 Mich App 96, 100; 809 NW2d 194 (2011). "However, a trial court's construction of a statute, such as the rape-shield statute, and interpretation of constitutional issues, such as the right to confrontation, are questions of law that are reviewed de novo." *Butler*, 513 Mich at 29.

## III. ANALYSIS

The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." US Const, Am VI; see also Const 1963, art 1, § 20. "Although the Confrontation Clause generally permits broad cross-examination of a witness, our Legislature has recognized that in a small subset of circumstances, a witness's right to privacy circumscribes the breadth of cross-examination."

*People v Masi*, 346 Mich App 1, 10; 11 NW3d 521 (2023). Accordingly, our Legislature enacted the "rape-shield" statute, which limits cross-examination of a complainant's sexual history. *Id*.

The rape-shield statute provides:

> (1) Evidence of specific instances of the victim's sexual conduct, opinion evidence of the victim's sexual conduct, and reputation evidence of the victim's sexual conduct shall not be admitted under sections 520b to 520g unless and only to the extent that the judge finds that the following proposed evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value:
>
> (a) Evidence of the victim's past sexual conduct with the actor.
>
> (b) Evidence of specific instances of sexual activity showing the source or origin of semen, pregnancy, or disease.
>
> (2) If the defendant proposes to offer evidence described in subsection (1)(a) or (b), the defendant within 10 days after the arraignment on the information shall file a written motion and offer of proof. The court may order an *in camera* hearing to determine whether the proposed evidence is admissible under subsection (1). If new information is discovered during the course of the trial that may make the evidence described in subsection (1)(a) or (b) admissible, the judge may order an *in camera* hearing to determine whether the proposed evidence is admissible under subsection (1). [MCL 750.520j.]

The Supreme Court has "set forth the procedure for the trial court to employ when evaluating the admissibility of evidence of the complainant's prior sexual conduct." *Butler*, 513 Mich at 30. The procedure is as follows:

> The defendant is obligated initially to make an offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted. Unless there is a sufficient showing of relevancy in the defendant's offer of proof, the trial court will deny the motion. If there is a sufficient offer of proof as to a defendant's constitutional right to confrontation, as distinct simply from use of sexual conduct as evidence of character or for impeachment, the trial court shall order an *in camera* evidentiary hearing to determine the admissibility of such evidence in light of the constitutional inquiry previously stated. [*Id*. (emphasis omitted), quoting *Hackett*, 421 Mich at 350.]

In the present case, the Supreme Court's October 30, 2024 order required that the trial court first determine "whether the defendant ha[d] made an initial offer of proof as to the proposed evidence and to demonstrate its relevance to the purpose for which it is sought to be admitted." *Pressey*, 12 NW3d at 438 (quotation marks and citations omitted). Then, if the trial court determined that defendant "made the requisite offer of proof on any of the allegations," the Court required the trial court to "determine the appropriate standard of proof for the admissibility of

evidence of prior false allegations of sexual assault by the complainant." *Id*. This Court's November 8, 2024 order required the same. *People v Pressey*, unpublished order of the Court of Appeals, entered November 8, 2024 (Docket No. 364673).

On appeal, defendant seeks reversal of the trial court's order denying his motion in limine to introduce evidence of four previous allegedly false allegations of sexual assault. Specifically, he argues we should reverse the trial court's order because the trial court "failed to articulate an appropriate standard of proof for the admissibility of evidence of prior false allegations of sexual assault by the complainant." As the trial court made clear, however, it did not need to articulate that standard because, as a threshold matter, it "determined that defendant did not make the requisite offer of proof on any of the false allegations." This was fully consistent with the direction of the Supreme Court and this Court on remand, which likewise made clear that the trial court was not required to determine an appropriate standard of proof for admission of the evidence unless it first determined that defendant made the requisite offer of proof. *Pressey*, 12 NW3d at 438. Consequently, the trial court did not err by failing to articulate the appropriate standard of proof for admissibility of the evidence.

Nor has defendant shown, or even meaningfully argued, that the trial court erred in its determination that he failed to make a sufficient offer of proof of a prior false allegation by AP. Defendant criticizes the trial court's use of the phrase "concrete evidence" as "not an appropriate standard of proof for the admissibility of evidence of prior allegations of sexual assault." As discussed, however, the trial court was not purporting to articulate any such standard of proof for admissibility; instead, it was describing why defendant's offer of proof was insufficient. And its use of the phrase "concrete evidence" to do so aligned with this Court's use of that very same language in *People v Williams*, 191 Mich App 269, 273; 477 NW2d 877 (1991)—a decision which our Supreme Court cited in its remand order in this case. See *Pressey*, 12 NW3d at 438. The court further made clear that it understood the phrase to be synonymous with the language used by our Supreme Court in *Butler* to describe a sufficient offer of proof—that is, "a showing of at least some apparently credible and potentially admissible evidence that the prior allegation was false." *Butler*, 513 Mich at 31. Defendant claims that he "proffered sufficient credible evidence," but he offers no meaningful explanation as to how the trial court reversibly erred in applying the standard above to his offer of proof. See *People v Harris*, 261 Mich App 44, 50; 680 NW2d 17 (2004) ("An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue."). We see no grounds in defendant's appeal for disrupting the trial court's ruling on his motion.

Affirmed.

/s/ Mark T. Boonstra
/s/ James Robert Redford
/s/ Philip P. Mariani

-6-